**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| **Joseph  DaSilva,** | : |
|  | : |
| **Plaintiff,** | : **Civil Action No.:  3:13-cv-01109** |
|  | : |
| **v.** | : |
|  | : **COMPLAINT** |
| **Howard Lee Schiff; and** | : |
| **DOES 1-10, inclusive,** | : |
|  | : **August 2, 2013** |
| **Defendants.** | : |
|  | : |

For this Complaint, the Plaintiff, Joseph DaSilva, by undersigned counsel,
states as follows:

<u>**JURISDICTION**</u>

1.      This action arises out of Defendants' repeated violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the

invasions of Plaintiff's personal privacy by the Defendants and their agents in

their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in

that the Defendants transact business in this District and a substantial portion of

the acts giving rise to this action occurred in this District.

<u>**PARTIES**</u>

4.      The Plaintiff, Joseph  DaSilva ("Plaintiff"), is an adult individual

residing in Cumberland, Rhode Island, and is a "consumer" as the term is defined

by 15 U.S.C. § 1692a(3).

5.      Defendant Howard Lee Schiff ("Howard"), is a Connecticut business

entity with an address of 510 Tolland Street, East Hartford, Connecticut 06108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Howard and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Howard at all times acted by and through one or more of the Collectors.

<u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

A. <u>The Debt</u>

8.      A person other than the Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Howard for collection, or Howard was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Howard Engages in Harassment and Abusive Tactics</u>

12.      Within the last year, Defendants placed numerous calls to Plaintiff and Plaintiff's immediate family at their residential telephone lines in an attempt to collect the Debt. The Debt was allegedly incurred by Plaintiff's father-in-law's

2

namesake Manuel J. Amaral (the Debtor).

13.     On numerous occasions, Plaintiff informed Defendants that his father-in-law's name was Manuel A. Amaral and that he did not owe the Debt. Plaintiff also pointed out that his father-in-law was born in 1920, whereas the Debtor was born in 1959.

14.     Each time, Defendants apologized and assured Plaintiff that they would stop calling Plaintiff and his family.

15.     However, despite having been informed that the Debtor could not be located at Plaintiff's telephone and despite having been instructed to cease calls, Defendants continued to place numerous calls to Plaintiff in an attempt to collect the Debt.

16.     Defendants continued to harass Plaintiff with multiple calls even after Plaintiff informed Defendants that his father-in-law had passed away.

17.     Moreover, in June 2012, Defendants filed a lawsuit against the Debtor and caused a copy of Complaint and Summons to be served upon Plaintiff's late father-in-law at Plaintiff's residence by means of Certified Mail.

### C. Plaintiff Suffered Actual Damages

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>COUNT I</u>

<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*</u>

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692b in that Defendants contacted Plaintiff more than once in connection with the collection of a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

4

29.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.    The Plaintiff is entitled to damages as a result of Defendants' violations.

<u>COUNT II</u>

<u>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION</u>

31.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.    Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.

34.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

35.    The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

36.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be

5

considered highly offensive to a reasonable person.

37. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

38. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

## Conn. Gen. Stat. § 42-110a, *et seq.*

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

41. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

6

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 2, 2013

Respectfully submitted,

By   _/s/ Sergei Lemberg_

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff